UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL KELLEY, et al.,

                Plaintiffs,

        v.

UNITED CEREBRAL PALSY OF LONG
ISLAND, et al.,

              Defendants.                      **MEMORANDUM**
----------------------------------------------------------------X     **AND ORDER**
UNITED CEREBRAL PALSY OF LONG         25-CV-4800-SJB-ARL
ISLAND,

              Third-Party Plaintiff,

        v.

LONG ISLAND SELECT HEALTHCARE, INC.,

              Third-Party Defendant.
----------------------------------------------------------------X
**BULSARA, United States District Judge:**

Before the Court is Defendant and Third-Party Plaintiff United Cerebral Palsy Association of Long Island's ("UCP") motion to remand to state court its third-party action for indemnification against Third-Party Defendant Long Island Select Healthcare, Inc. ("LISH") and the underlying medical malpractice action.  The Government, on behalf of LISH, removed this case pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, asserting that LISH is a federally funded health care provider.  (Notice of Removal dated Aug. 28, 2025, Dkt. No. 1 ¶¶ 8–9).  For the following reasons, the Court finds the removal improper and remands the action back to state court.

BACKGROUND

Plaintiff Robert Kelley, individually and on behalf of deceased-Plaintiff Michael Kelley as the administrator of his Estate, commenced this action on January 4, 2024 in Nassau County Supreme Court against UCP (a residential facility), a separate medical center, and several treating providers for alleged medical malpractice in the treatment and care of decedent Michael Kelley in November of 2020.  (Summons and Verified Compl., attached to Notice of Removal as Ex. A, Dkt. No. 1-1).  On May 8, 2025, UCP filed a third-party summons and complaint against LISH alleging contributory negligence and seeking indemnification for any damages liability.  (Third-Party Compl., attached to Notice of Removal as Ex. C, Dkt. No. 1-3 ¶¶ 17–19).  UCP alleges that while Michael Kelley was housed in its facility, he was treated by LISH providers.  (UCP's Mot. to Remand dated Sep. 29, 2025 ("UCP Mot."), Dkt. No. 8 at 2).

On May 28, 2025, counsel for LISH notified UCP that LISH was eligible for medical malpractice coverage under the Federal Tort Claims Act ("FTCA") and that LISH had submitted a tender to the Department of Health and Human Services ("HHS") for coverage.  (LISH May 28, 2025 Email, attached to UCP Mot. as Ex. D, Dkt. No. 8-4).  On June 17, 2025, counsel for LISH informed the state court of the same. (LISH Letter to State Court, attached to UCP Mot. as Ex. E, Dkt. No. 8-5).  On August 28, 2025, the Government, acting on behalf of LISH, removed the case to this Court pursuant to 42 U.S.C. § 233(c).  (Notice of Removal ¶¶ 8–11).

On September 5, 2025, the Government filed a letter request for a premotion conference ("PMC") to move to dismiss the Third-Party Complaint against LISH,

2

(LISH's PMC Req., Dkt. No. 5 at 1), which UCP opposed, arguing that removal was improper, (UCP's Resp. to LISH's PMC Req. dated Sep. 12, 2025, Dkt. No. 6 at 2–3). Denying the PMC, the Court instructed the parties to brief the threshold issue of whether the case should be remanded to state court.  (Order dated Sep. 15, 2025).  The parties completed briefing via letter on January 15, 2026.  (UCP Mot.; LISH's Resp. to UCP Mot. dated Dec. 19, 2025 ("LISH Resp."), Dkt. No. 13; UCP's Reply dated Jan. 15, 2026 ("UCP Reply"), Dkt. No. 14).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states," removal statutes must be "strictly construed" with any doubts resolved "against removability."  *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quotations omitted).  The removing party bears the burden of proving the requirements for removal have been met.  *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023).  Unless that burden is met, the case must be remanded back to state court.  *See Herskovic v. Verizon Wireless*, No. 23-0648, 2024 WL 4212191, at *2 (2d Cir. Sep. 17, 2024).

## DISCUSSION

**I.   Removal under § 233(c)**

"The FSHCAA authorizes the Secretary of the Department of Health and Human Services to deem certain health centers that receive federal funds, and their employees, to be employees of the Public Health Service ('PHS') for the purposes of 42 U.S.C.

3

§ 233." *Agyin v. Razmzan*, 986 F.3d 168, 172 (2d Cir. 2021).  Under § 233(a), PHS

employees are entitled to the protections of the FTCA.  *See Kelley v. Richford Health Ctr.,*

*Inc.*, 115 F.4th 132, 136 (2d Cir. 2024) ("The FSHCAA . . . protects employees of the

Public Health Service from being subject to suit while performing medical and similar

functions by requiring that such lawsuits be brought against the United States instead."

(quotation omitted)).  Thus, the FSHCAA "essentially makes the U.S. government the

medical malpractice insurer for qualifying [ ] health centers[.]"  *Krandle v. Refauh Health*

*Ctr., Inc.*, No. 22-CV-4977, 2024 WL 1075359, at *6 (S.D.N.Y. Mar. 12, 2024) (quoting

*Dedrick v. Youngblood*, 200 F.3d 744, 745 (11th Cir. 2000)).  The Government removed

pursuant to § 233(c) of the FSHCAA,[1]  which provides:

> Upon a certification by the Attorney General that the defendant was acting
> in the scope of his employment at the time of the incident out of which the
> suit arose, any such civil action or proceeding commenced in a State court
> shall be removed without bond at any time before trial by the Attorney
> General[.]

42 U.S.C. § 233(c); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76,

80–82 (2d Cir. 2005) (detailing the mechanics of certification and removal under 42

U.S.C. § 233(c)).

Although § 233 "is hardly a model of clarity," *Blumberger v. Tilley*, 115 F.4th 1113,

1126 (9th Cir. 2024), *cert denied*, 145 S. Ct. 2818 (2025), it plainly states what the Attorney

General must tell a state court to effectuate removal.  Removal is permissible only

---

[1] While UCP contests the timelessness of removal because the Civil Cover Sheet
also cites 28 U.S.C. § 1442, (UCP Mot. at 6–7; *see also* Civil Cover Sheet, Dkt. No. 1-5), the
Government clarified that it only removed the case under 42 U.S.C. § 233(c), (LISH
Resp. at 2 n.1).

"[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident."  42 U.S.C. § 233(c); *see Celestine*, 403 F.3d at 82 (holding that the plain text of § 233(c) requires pre-trial certification); *Carroll v. Trump*, 148 F.4th 110, 118 (2d Cir. 2025) ("We held in *Celestine* that the plain text of § 233(c) requires pre-trial certification.").

Here, the Attorney General made no certification prior to removal; there was no appearance by the Attorney General in the state action at all—it was LISH's in-house counsel that notified the state court of LISH's designation.  (LISH Letter to State Court at 1 (informing that LISH had notified HHS of the suit)).  The Government failed to comply with the explicit requirements of the statute.  *E.g.*, *Lee v. Jones*, No. 14-CV-4162, 2015 WL 3891419, at *4 (D.S.C. June 23, 2015) (granting remand where defendant was not certified as acting within the scope of his employment before removal).  Its arguments to the contrary are unpersuasive.

*First*, the Government argues that certification was not required because the requirement does not apply to federal health facility *entities*, only commissioned officers or employees of said entities.  And here, the Third-Party Complaint names LISH, not specific LISH employees, as a Defendant.  (LISH Resp. at 2–3).  But the Government fails to provide any authority in support of this distinction.  The statute creates no distinction between entities and individuals, requiring in any case a certification that "*the defendant* was acting in the scope of his employment."  42 U.S.C. § 233 (emphasis added).  And courts have interpreted "defendant" to encompass all federal "employees," regardless of whether that employee is "an entity or an individual."

5

*Celestine v. Mount Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 398 (S.D.N.Y. 2003), *aff'd*, 403 F.3d 76 (2d Cir. 2005); *see also O'Brien v. United States*, 56 F.4th 139, 148 (1st Cir. 2022) (noting "a federally funded health center or any particular individual associated with it" may be deemed an employee under § 233).  The Government goes as far as to argue that certification was "not even possible" given UCP's failure to identify any specific individual employee.  (LISH Resp. at 3).  But courts have regularly considered the propriety of removal where the Attorney General certified an entity, and not an individual, under § 233(c).  *E.g.*, *Celestine*, 289 F. Supp. at 394, 398 (finding the U.S. Attorney's certification of a health care facility, an entity defendant, as an employee of the U.S. proper for purposes of removal under § 233(c)); *R.C.L. Infant v. Bronx-Lebanon Hosp. Ctr.*, No. 13-CV-6764, 2015 WL 1499745, at *3 (S.D.N.Y. Mar. 31, 2015) (accepting the U.S. Attorney's certification for Bronx-Lebanon Hospital Center); *Rodriguez v. Bronx Lebanon Hosp. Ctr.*, No. 09-CV-3208, 2010 WL 11712957, at *1–*2 (S.D.N.Y. Jan. 27, 2010) (granting substitution where the AUSA had certified that a health center was acting within the scope of its employment in removing under § 233(c)).  The Court sees no reason to adopt the proposed reading of § 233(c) offered by the Government.[2]

---

[2] The Government relies on the surrounding provisions, §§ 233(a) and (b), to argue that the statute is meant to cover only actions brought against individual officers and employees.  (LISH Resp. at 3 (quoting references to "commissioned officer or employee" and "any person")).  But just as for § 233(c), courts have not imposed such limitations in the application of § 233 writ large.  *See, e.g.*, *Garcia-Ryan v. Cmty. Health Project, Inc.*, No. 24-CV-7117, 2026 WL 507411, at *5–*6 (S.D.N.Y. Feb. 24, 2026) (finding § 233(a) substitution provisions applicable for claims against an entity), *appeal docketed,* No. 26-864 (2d Cir. Apr. 6, 2026); *Krandle*, 2024 WL 1075359, at *1, *11 (same).

*Second*, the Government contends that even if certification were required, removal is nonetheless proper because § 233(c) allows certification at any time before trial.  (LISH Resp. at 2).  It is true that under § 233(c), removal is not time-limited; the option may be exercised at any time before trial.  *See Celestine*, 403 F.3d at 81; *e.g.*, *Zaiat v. Laborde*, No. 24-CV-6872, 2025 WL 1576258, at \*4 (S.D.N.Y. June 4, 2025) (concluding defendant's removal was timely even where default judgment had been entered because "neither a trial nor an assessment of damages had occurred").  But this principle is inapplicable where the Government has *already* removed.  That the state court action below has not proceeded to trial is irrelevant since the issue here is not the timing of removal, but the Government's compliance with the condition precedent for removal.  The Government provides no authority for its contention that it can remedy the certification deficiency post-removal and the Court finds none.  *Cf. Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (noting the "hornbook" rule that "the jurisdiction of the court depends upon the state of things at the time of the action brought" (quotation omitted)).

*Third*, the Government argues that the Notice of Deeming Action ("NDA") satisfies the certification requirement.  (LISH Resp. at 2).  But in so doing it conflates two separate requirements.  To obtain "deemed federal" status, providers are required to submit an application each year to HHS.  *See Agyin*, 986 F.3d at 172.  Here, the Government provided a letter from Dr. Asad Bandealy of HHS, affirming that LISH was deemed a health center eligible for FTCA coverage under the FSHCAA.  (Decl. of Asad Bandealy ("Bandealy Decl."), attached to LISH Resp., Dkt. No. 13-1 ¶ 3; *see also*

Notice of Deeming Action, attached to Bandealy Decl. as Ex. 1, Dkt. No. 13-1 (deeming

LISH to be an employee of the PHS effective 1/1/2020 through 12/31/2020)).  While

this determination generally deems LISH a federal employee for purposes of § 233, it

does not "conclusively establish PHSA and FTCA coverage with respect to a particular

lawsuit . . . [as] coverage hinges on the circumstances in which care has been provided."

*O'Brien*, 56 F.4th at 148–49 (citing 42 U.S.C. § 233(g)(1)(B)–(C)); *Blumberger*, 115 F.4th at

1128 ("The division of labor that Congress has made between the Secretary (who

determines an entity's deemed status) and the Attorney General (who determines an

employee's coverage status) reflects the unique expertise of the two actors.").[3]  Separate

and apart from the NDA, the statute charges the Attorney General, or his designee, with

making an initial determination of whether a given entity or employee was acting with

their scope of employment pursuant to the Secretary's "deeming" determination—

which it failed to do here.  Given that the Government has failed to show that removal

was proper under the statute, remand is granted.

---

[3] In *Blumberger*, the Ninth Circuit distinguished between the Secretary's deeming decision, the "ex-ante determination" made before any litigation as to an employee's status, and the Attorney General's determination of coverage, the "ex-post scope-of-employment certification."  115 F.4th at 1127–28.  While the deeming determination may be final and binding, it does not supplant the separate coverage determination made after litigation has been initiated.  *Id.* at 1128 ("Being deemed a PHS employee, however, does not automatically entitle the employee to immunity from suit.  Deemed PHS employees—like regular PHS employees—receive immunity only from actions that occurred 'within the scope of [their] office or employment at the time of the incident out of which the suit arose.'" (quoting 42 U.S.C. § 233(c))).

## II.    Request for Dismissal

Raising the derivative jurisdiction doctrine, the Government argues that because the state court did not have jurisdiction before the action was removed—a "state court cannot have jurisdiction over a federal agency," (LISH Resp. at 4)—this Court must dismiss the Third-Party Complaint. "Under this so-called 'derivative jurisdiction' principle, if the state court had no jurisdiction, the federal court acquired none by removal because there was no validly pending state court action to remove. This doctrine require[s] the district court to dismiss a removed action within federal, but not within state, jurisdiction." 14C Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 3721.1 (4th ed. 2026); *see also PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72–73 (2d Cir. 1998) ("[W]here a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case." (quotation omitted)).

The argument is without merit. At the time of removal, the United States was not yet a party to the action in state court, nor had the Government appeared in any form. *See, e.g.*, *Zanghi v. Sisters of Charity Hosp. of Buffalo, N.Y.*, No. 12-CV-0765, 2013 WL 706241, at *3 (W.D.N.Y. Feb. 26, 2013) (finding the doctrine of derivative jurisdiction inapplicable where the United States was not yet a party when the action was in state court and, pursuant to § 233(c), the Government did not move for substitution until it removed the case). In other words, the defect in state-court jurisdiction identified by

the Government that would require dismissal did not exist in state court when the case was removed.[4]

CONCLUSION

For all of these reasons, UCP's motion to remand is granted.  The Clerk of Court is directed to remand this case back to state court, and to send certified copies of this Order and the docket sheet to the **Nassau County Supreme Court.**

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  May 6, 2026
       Central Islip, New York

---

[4] Notably, in other contexts, there are statutes that provide for the dismissal of actions in state court with prejudice if the action is properly removed.  *See, e.g., Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund,* 583 U.S. 416, 424 (2018) (noting that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") provides for removal of certain cases to federal court "in contemplation not of further litigation over the merits of a claim brought in state court, but of termination of the proceedings altogether" (quotation omitted)); *see also Ring v. AXA Fin., Inc.,* 483 F.3d 95, 98 (2d Cir. 2007) ("If a state class action satisfies all the SLUSA criteria, the defendant may remove it to federal district court and the district court must dismiss." (citing 15 U.S.C. § 78bb(f)(2)).  Section 233, in comparison, does not provide for automatic dismissal in federal court when a case is removed.